Citation Nr: 1132155 
Decision Date: 08/31/11 Archive Date: 09/07/11

DOCKET NO. 04-41 875 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in St. Petersburg, Florida


THE ISSUE

Entitlement to service connection for a psychiatric disability, to include posttraumatic stress disorder (PTSD). 


REPRESENTATION

Appellant represented by: The American Legion


ATTORNEY FOR THE BOARD

B. R. Mullins, Associate Counsel 






INTRODUCTION

The Veteran had active service from August 1964 to August 1968. 

This matter comes before the Board of Veterans' Appeals (Board) on appeal from a February 2003 rating decision of the Department of Veterans Affairs Regional Office (RO) in St. Petersburg, Florida, denying the claim currently on appeal. This claim was previously remanded by the Board in November 2007 and June 2010 for additional evidentiary development. 


FINDING OF FACT

The Veteran's PTSD manifested as a result of his military service in the Republic of Vietnam. 


CONCLUSION OF LAW

The criteria for establishing entitlement to service connection for PTSD have been met. 38 U.S.C.A. §§ 1110, 5103, 5103A, 5107 (West 2002 & Supp. 2010); 38 C.F.R. §§ 3.102, 3.303, 3.304(f)(3), 4.125(a) (2010). 


REASONS AND BASES FOR FINDINGS AND CONCLUSION

Duty to Notify and Assist

VA has a duty to notify and assist claimants in substantiating a claim for VA benefits. 38 U.S.C.A. §§ 5100, 5102, 5103, 5103A, 5107, 5126 (West 2002 & Supp. 2010); 38 C.F.R. §§ 3.102, 3.156(a), 3.159 and 3.326(a) (2010). In this case, the Board is granting in full the benefit sought on appeal. Accordingly, assuming, without deciding, that any error was committed with respect to either the duty to notify or the duty to assist, such error was harmless and will not be further discussed. 

Relevant Laws and Regulations

Service connection will be granted if it is shown that the Veteran suffers from a disability resulting from personal injury suffered or disease contracted in the line of duty, or for aggravation of a preexisting injury suffered or disease contracted in the line of duty, during active military service. 38 U.S.C.A. §§ 1110, 1131; 38 C.F.R. § 3.303. Disorders diagnosed after discharge will still be service connected if all the evidence, including that pertinent to service, establishes that the disease was incurred in service. 38 C.F.R. § 3.303(d); see also Combee v. Brown, 34 F.3d 1039, 1043 (Fed. Cir. 1994).

In the absence of proof of a present disability there can be no valid claim. Brammer v. Derwinski, 3 Vet. App. 223, 225 (1992). Service connection requires a finding of the existence of a current disability and a determination of a relationship between that disability and an injury or disease incurred in service. Watson v. Brown, 4 Vet. App. 309, 314 (1993); see also Boyer v. West, 210 F.3d 1351, 1353 (Fed. Cir. 2000). 

To establish service connection, there must be: (1) a medical diagnosis of a current disability; (2) medical or, in certain cases, lay evidence of in-service occurrence or aggravation of a disease or injury; and (3) medical evidence of a nexus between an in-service injury or disease and the current disability. Hickson v. West, 12 Vet. App. 247, 252 (1999) (citing Caluza v. Brown, 7 Vet. App. 498, 506 (1995), aff'd, 78 F.3d 604 (Fed. Cir. 1996)). 

Establishment of service connection for PTSD requires: (1) medical evidence diagnosing PTSD; (2) credible supporting evidence that the claimed in-service stressor actually occurred; and (3) medical evidence of a link between current symptomatology and the claimed in-service stressor. 38 C.F.R. § 3.304(f). See also Cohen v. Brown, 10 Vet. App. 128 (1997). 

A diagnosis of PTSD must be established in accordance with 38 C.F.R. § 4.125(a), which simply mandates that, for VA purposes, all mental disorder diagnoses must conform to the fourth edition of the American Psychiatric Association's Diagnostic and Statistical Manual for Mental Disorders (DSM-IV). See 38 C.F.R. § 3.304(f). The United States Court of Appeals for Veterans Claims (Court) has taken judicial notice of the mental health profession's adoption of the DSM-IV as well as its more liberalizing standards to establish a diagnosis of PTSD. The Court acknowledged the change from an objective "would evoke ... in almost anyone" standard in assessing whether a stressor is sufficient to trigger PTSD to a subjective standard (e.g., whether a person's exposure to a traumatic event and response involved intense fear, helplessness, or horror). Thus, as noted by the Court, a more susceptible person could have PTSD under the DSM-IV criteria given his or her exposure to a traumatic event that would not necessarily have the same effect on "almost everyone." Cohen, 10 Vet. App. at 140-41. 

If the evidence establishes that the Veteran engaged in combat with the enemy and the claimed stressor is related to that combat, in the absence of clear and convincing evidence to the contrary, and provided that the claimed stressor is consistent with the circumstances, conditions, or hardships of the Veteran's service, the Veteran's lay testimony alone may establish the occurrence of the claimed in-service stressor. 38 C.F.R. § 3.304(f)(1). See also 38 U.S.C.A. § 1154(b). 

The ordinary meaning of the phrase "engaged in combat with the enemy," as used in 38 U.S.C.A § 1154(b), requires that a veteran have participated in events constituting an actual fight or encounter with a military foe or hostile unit or instrumentality. The issue of whether any particular set of circumstances constitutes engagement in combat with the enemy for purposes of section 1154(b) must be resolved on a case-by-case basis. See VAOPGCPREC 12-99 (October 18, 1999). 

If there is no combat experience, or if there is a determination that the Veteran engaged in combat but the claimed stressor is not related to such combat, there must be independent evidence to corroborate the Veteran's statement as to the occurrence of the claimed stressor. Doran v. Brown, 9 Vet. App. 163, 166 (1996). Moreover, a medical opinion diagnosing PTSD does not suffice to verify the occurrence of the claimed in-service stressors. Cohen v. Brown, 10 Vet. App. 128, 142 (1997); Moreau v. Brown, 9 Vet. App. 389, 395-96 (1996). 

The regulations pertaining to PTSD were recently amended, and 38 C.F.R. §3.304(f)(3) no longer requires the verification of an in-service stressor if the Veteran was in a location involving "fear of hostile military or terrorist activity." Such a location can be evidenced by awards such as the Iraq Campaign Medal or the Vietnam Service Medal. Lay testimony alone can be used to establish the occurrence of an in-service stressor in these situations. The new regulatory provision requires that: (1) A VA psychiatrist or psychologist, or contract equivalent, must confirm that the claimed stressor is adequate to support a diagnosis of PTSD; (2) the claimed stressor is consistent with the places, types, and circumstances of the Veteran's service; and (3) the Veteran's symptoms are related to the claimed stressor. Id. The liberalizing criteria contained in the new § 3.304(f)(3) will be applied to PTSD service connection claims that are pending as of the effective date of the regulation (July 13, 2010) and to claims filed on or after this effective date.

Facts and Analysis

The Veteran contends that he is entitled to service connection for PTSD. Upon review of the evidence of record, the Board finds that the evidence is at least in equipoise. As such, affording the Veteran the full benefit of the doubt, the Board finds that service connection for PTSD is warranted. When the Veteran seeks benefits and the evidence is in relative equipoise, the Veteran prevails. See Gilbert v. Derwinski, 1 Vet. App. 49 (1990). 

The evidence of record demonstrates that the Veteran has been diagnosed with PTSD on multiple occasions. The record contains private in-patient treatment records from June 2002 to July 2002. According to a June 2002 progress note, the Veteran had a long-standing history of PTSD and chronic substance dependency issues. However, upon discharge in July 2002, the only Axis I diagnoses assigned were cocaine dependence in early partial remission, alcohol abuse, narcissistic personality disorder, and antisocial personality disorder. Nonetheless, a discharge recommendation was that the Veteran engage in the Vet group for PTSD as a result of his service in the Vietnam War. 

Subsequent VA outpatient treatment records also note diagnoses of PTSD. According to a July 2003 record, the Veteran had a history of polysubstance abuse, PTSD and depression. The Veteran reported experiencing nightmares, fear of sleeping, flashbacks and anger management issues. An August 2003 record also notes a diagnosis of chronic PTSD, major depressive disorder, and a history of polysubstance dependence in remission. The Veteran also reported Vietnam related flashbacks during treatment in April 2004 and August 2004, and an Axis I diagnosis of chronic PTSD was assigned during these treatments. 

The Veteran underwent a private psychiatric evaluation in December 2008. The Veteran reported being involved in combat in Vietnam and that he experienced upsetting dreams and impaired sleep since his return from Vietnam. The examiner diagnosed the Veteran with Axis I diagnoses of major depressive disorder with psychoses, PTSD and polysubstance dependence. A mental health counselor also assigned Axis I diagnoses of PTSD and major depression upon evaluation in December 2009. The Veteran again reported complaints of depression, nightmares, voices and intrusive thoughts and memories about his service in Vietnam. 

The Veteran was also afforded a VA psychiatric examination in October 2009. The Veteran reported depressed mood with some anger related to renal failure and dialysis with a lingering depressed mood most of the time. The examiner noted that the Veteran's in-service stressors were his combat experience and hearing about his sergeant stepping on a land mine. The Veteran reported that he had recurrent and intrusive distressing recollections of these events. The examiner concluded that the Veteran met the DSM-IV criteria for an Axis I diagnosis of PTSD. The examiner, however, concluded that a nexus between the Veteran's PTSD and one or more of his in-service stressors could not be established. This was due to the fact that his claimed stressors had not been verified. 

Because the examiner was unable to link the Veteran's PTSD to a verifiable stressor, his claim was remanded by the Board in June 2010 so that an examination could be performed to determine if he suffered from a chronic psychiatric disability, other than PTSD, that did not require a verified stressor. In June 2010, a VA examiner concluded that the Veteran's depression, or any other psychiatric disability in addition to PTSD, was not caused by or a result of his active military service. The examiner noted that there was no objective evidence to confirm this relationship. In addition, the examiner noted that the only confirmed stressor related to the Veteran's PTSD was an incident involving the Veteran's sergeant. However, it was noted that the Veteran reported witnessing this event at one point in time and later changing his story to that he just heard about it. As such, the examiner opined that the Veteran's PTSD could not be linked to this specific stressor. 

A subsequent VA examination was performed in June 2011. The examiner noted that the Veteran reported his combat experience to be one of his stressors. The Veteran reported that he had recurrent distressing dreams about his military service and that he had difficulty falling and staying asleep. The examiner concluded that the Veteran did not meet the DSM-IV criteria for a diagnosis of PTSD. Rather, his symptoms were related to cocaine dependence, cannabis abuse, anxiolytics dependence and nicotine dependence, all in reported sustained remission. The examiner was of the opinion that there was objective evidence that the Veteran's social impairment was related to his polysubstance dependence due to a history of DUIs and other drug related charges as well as the Veteran's acknowledgment that his divorces were related to alcohol and drug use. The examiner also felt that the Veteran's impaired sleeping was most likely related to polysubstance dependence, but it was noted that his description of auditory hallucinations was atypical. 

Having reviewed all of the above evidence in a light most favorable to the Veteran, the Board finds that he is entitled to service connection for PTSD. According to treatment records from 2002, the Veteran had a long history of PTSD. The Veteran was also found to have a confirmed diagnosis of PTSD upon VA examination in October 2009 and during private evaluations in 2008 and 2009. Therefore, the record demonstrates that the Veteran has in fact been diagnosed with PTSD during the pendency of his claim. 

In addition, the evidence confirms that the Veteran served in Vietnam during his military service. According to the Veteran's DD-214, he was the recipient of the Republic of Vietnam Campaign Medal and the Vietnam Service Medal. Under the revised regulations pertaining to PTSD, the verification of an in-service stressor is not necessary if the Veteran was in a location involving "fear of hostile military or terrorist activity." 38 C.F.R. §3.304(f)(3). Such a location can be evidenced by awards such as the Iraq Campaign Medal or the Vietnam Service Medal. Lay testimony alone can be used to establish the occurrence of an in-service stressor in these situations. The Veteran has testified to being exposed to fearful situations while in Vietnam and the evidence of record appears to support his assertion. The record also contains medical evidence relating the Veteran's PTSD to his Vietnam service. As such, service connection for PTSD is warranted. 

The Board recognizes that it remanded the Veteran's claim in June 2010 so that he could be afforded an additional VA examination. The claim was remanded by the Board because, while the Veteran did have numerous confirmed diagnoses of PTSD, the diagnoses could not be related to a verifiable stressor. However, this remand took place prior to the enactment of the more liberalizing PTSD regulations that took effect in July 2010. If these regulations had been applied to the Veteran's claim at the time of the June 2010 remand, he would have clearly been entitled to service connection for PTSD, as he had verified service in Vietnam with numerous PTSD diagnoses. When affording the Veteran the full benefit of the doubt in this case, the Board does not find that the one VA examination of June 2011 is sufficient to outweigh the numerous PTSD diagnoses extending back to at least 2002. 

Absolving all reasonable doubt in favor of the Veteran, the Board concludes that service connection for PTSD is warranted. As such, the claim is granted.



 (CONTINUED ON NEXT PAGE)
ORDER

Service connection for PTSD is granted. 



____________________________________________
J. A. MARKEY
Veterans Law Judge, Board of Veterans' Appeals


Department of Veterans Affairs