Citation Nr: 1134093 
Decision Date: 09/12/11 Archive Date: 09/22/11

DOCKET NO. 09-00 805 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Portland, Oregon


THE ISSUE

Entitlement to service connection for posttraumatic stress disorder (PTSD).


REPRESENTATION

Appellant represented by: Oregon Department of Veterans' Affairs


WITNESS AT HEARING ON APPEAL

Appellant


ATTORNEY FOR THE BOARD

M. Purdum, Associate Counsel



INTRODUCTION

The Veteran served on active duty from May 1950 to April 1953.

This appeal comes before the Board of Veterans' Appeals (Board) from a February 2007 rating decision of the Department of Veterans Affairs (VA), Portland, Oregon, Regional Office (RO), and a December 2007 rating decision of the Seattle, Washington, RO, which denied service connection for PTSD. 

In December 2010, the Veteran testified before the undersigned Veterans Law Judge sitting at the RO in Portland, Oregon. A copy of the hearing transcript is of record and has been reviewed.

Please note this appeal has been advanced on the Board's docket pursuant to 38 C.F.R. § 20.900(c) (2010). 38 U.S.C.A. § 7107(a)(2) (West 2002).


FINDING OF FACT

Pursuant to the amended regulatory criteria, there is probative evidence that the Veteran's current PTSD is etiologically related to in-service stressors that are adequate to support a diagnosis of PTSD; related to his fear of hostile military or terrorist activity; and consistent with the places, types, and circumstances of his service. 


CONCLUSION OF LAW

PTSD was incurred in or aggravated by active service. 38 U.S.C.A. §§ 1101, 1110, 1112, 1131, 1133, 5103, 5103A, 5107 (West 2002 & Supp. 2010); 38 C.F.R. §§ 3.102, 3.159, 3.303, 3.304, 3.307, 3.309 (2010).




REASONS AND BASES FOR FINDING AND CONCLUSION

Duties to Notify and Assist the Appellant

As the Board's decision to grant the Veteran's claim herein constitutes a complete grant of the benefit sought on appeal, no further action is required to comply with the Veterans Claims Assistance Act of 2000 and the implementing regulations. In this regard, the Board notes that by an August 2011, Statement of Accredited Representative in Appealed Case, the Veteran's representative requested that the Veteran's submission dated in March 2011 be located and associated with the claims file prior to adjudication of the claim. However, as the decision herein is favorable to the Veteran, further inquiry as to any submissions not of record is not required. 

Service Connection

Service connection may be granted for a disability resulting from disease or injury incurred in or aggravated by service. 38 U.S.C.A. §§ 1110, 1131; 38 C.F.R. § 3.303(a). Service connection may also be granted for any disease diagnosed after discharge, when all of the evidence, including that pertinent to service, establishes that the disease was incurred in service. 38 C.F.R. § 3.303(d).

Service connection generally requires evidence of a current disability with a relationship or connection to an injury or disease or some other manifestation of the disability during service. Boyer v. West, 210 F.3d 1351, 1353 (Fed. Cir. 2000).

Service connection for some disorders, including psychosis, will be rebuttably presumed if manifested to a compensable degree within a year following active service. 38 U.S.C.A. §§ 1112, 1133; 38 C.F.R. § 3.307, 3.309. Service connection may be granted for any disease diagnosed after discharge, when all the evidence, including that pertinent to service, establishes that the disease was incurred in service.

For the showing of chronic disease in service, there must be a combination of manifestations sufficient to identify the disease entity and sufficient observation to establish chronicity at the time. If chronicity in service is not established, evidence of continuity of symptoms after discharge is required to support the claim. 38 C.F.R. § 3.303(b).

When there is an approximate balance of positive and negative evidence regarding any issue material to the determination of a matter, the Secretary shall give the benefit of the doubt to the claimant. 38 U.S.C.A. § 5107; 38 C.F.R. § 3.102; Gilbert v. Derwinski, 1 Vet. App. 49, 53 (1990).

Service connection for PTSD requires medical evidence establishing a diagnosis of the condition, credible supporting evidence that the claimed in-service stressor occurred, and a link, established by medical evidence, between current symptomatology and the claimed in-service stressor, is required. See 38 C.F.R. § 3.304(f). With regard to the second PTSD element as set forth in 38 C.F.R. § 3.304(f), evidence of an in-service stressor, the evidence necessary to establish that the claimed stressor actually varies depending on whether it can be determined that the veteran "engaged in combat with the enemy." See 38 U.S.C.A. § 1154(b); 38 C.F.R. 3.304(d).

If it is determined through military citation or other supportive evidence that a veteran engaged in combat with the enemy, and the claimed stressors are related to combat, the veteran's lay testimony regarding the reported stressors must be accepted as conclusive evidence as to their actual occurrence and no further development or corroborative evidence will be necessary. See 38 C.F.R. § 3.304(f).

Prior to July 13, 2010, VA had generally required that, where a determination is made that a veteran did not "engage in combat with the enemy," or the claimed stressor is not related to combat, the veteran's lay testimony alone will not be enough to establish the occurrence of the alleged stressor. See Moreau v. Brown, 9 Vet. App. 389, 395 (1996); Dizoglio v. Brown, 9 Vet. App. 163, 166 (1996). In such cases, the record must contain service records or other statements as to the occurrence of the claimed stressor. See West (Carlton) v. Brown, 7 Vet. App. 70, 76 (1994); Zarycki v. Brown, 6 Vet. App. 91, 98 (1993).

However, effective July 13, 2010, VA has amended its adjudication regulations governing service connection for PTSD by liberalizing, in certain circumstances, the evidentiary standard for establishing the required in-service stressor. Specifically, the final rule amends 38 C.F.R. § 3.304(f) by redesignating current paragraphs (f)(3) and (f)(4) as paragraphs (f)(4) and (f)(5), respectively, and by adding a new paragraph (f)(3) that provides that if a stressor claimed by a veteran is related to the veteran's fear of hostile military or terrorist activity and a VA psychiatrist or psychologist, or a psychiatrist or psychologist with whom VA has contracted, confirms that the claimed stressor is adequate to support a diagnosis of [PTSD] and that the veteran's symptoms are related to the claimed stressor, in the absence of clear and convincing evidence to the contrary, and provided the claimed stressor is consistent with the places, types, and circumstances of the veteran's service, the veteran's lay testimony alone may establish the occurrence of the claimed in-service stressor. 

For purposes of the amended regulation, "fear of hostile military or terrorist activity" means that a veteran experienced, witnessed, or was confronted with an event or circumstance that involved actual or threatened death or serious injury, or a threat to the physical integrity of the veteran or others, such as from an actual or potential improvised explosive device; vehicle-imbedded explosive device; incoming artillery, rocket, or mortar fire; grenade; small arms fire, including suspected sniper fire; or attack upon friendly military aircraft, and the veteran's response to the event or circumstance involved a psychological or psycho-physiological state of fear, helplessness, or horror.

The provisions of this amendment apply to applications for service connection for PTSD that are received by VA on or after July 13, 2010; were received by VA before July 13, 2010 but have not been decided by a VA regional office as of July 13, 2010; are appealed to the Board on or after July 13, 2010; were appealed to the Board before July 13, 2010 but have not been decided by the Board as of July 13, 2010; or are pending before VA on or after July 13, 2010 because the United States Court of Appeals for Veterans Claims vacated a Board decision on an application and remanded it for readjudication. 75 Fed. Reg. 39,843 (July 13, 2010), with correcting amendments at 75 Fed. Reg. 41,092 (July 15, 2010). As the Veteran's claim was appealed to the Board in January 2009, before July 13, 2010, but had not been decided by the Board as of July 13, 2010, the amended regulations apply to the instant claim.

The Board initially notes that the Veteran's service personnel records do not demonstrate that he engaged in combat with the enemy. In this regard, his service personnel records, to include his military awards and decorations, do not denote combat service. His service separation form, his DD-214, indicates that the Veteran served more than two years of foreign service, in Germany, and that his military occupational specialty was highway foreman. His service personnel records indicate that from March 1952 to December 1952, the Veteran's principal duty was combat construction specialist. His service personnel records also indicate that he departed the United States for Europe as a member of the Co B 1st Engr Cmbt Bn APO 1 in June 1951 and returned in March 1953.

In a number of written statements, as well as in his testimony before the Board in December 2010, the Veteran described his claimed PTSD stressors. The Board notes here that the record contains evidence of a number of claimed PTSD stressors. However, in light of the favorable decision, the Board will limit its consideration to the stressors relied upon by the VA examiner, in November 2010, in rendering his nexus opinion. 

The Veteran reported that he was shipped to Germany, from training at Fort Dix, New Jersey, aboard the U.S.S. George Goethals and that the ship encountered a huge storm in October 1950. He reported that he was assigned to stand guard duty, that the ship was rolling up and down, and that the bow would go underwater. He reported that he had to hang on for dear life and thought that his life was over, as he had never seen the ocean before and he was only 17 years old. He reported that the storm was so bad it took the ship back 12 miles. 

On VA psychiatric evaluation in November 2010, the Veteran reported that his symptoms began in 1950 when he witnessed the death of a fellow service member during Basic Training in Fort Dix, New Jersey. He reported that during a live-fire training exercise, the service member next to him panicked, stood up, and was killed by machine gun fire. He reported that he did not expect a fellow service member to be shot to death in a non-combat training exercise, and that he reacted with horror, fear, and disbelief. The examiner noted that the Veteran's claims file included a description of the stressor wherein the Veteran was aboard a ship in a storm. Subsequent to exhaustive recitation of the Veteran's stressors, symptoms, and history, and subsequent to review of the claims file and mental status examination, the examiner diagnosed the Veteran with PTSD. The examiner opined that the Veteran's stressors, specifically including the stressor wherein he was aboard a ship in a storm and the stressor wherein he witnessed the death of a fellow service member, were sufficient to support a diagnosis of PTSD. The examiner opined that the Veteran's PTSD was related to the two above-noted stressors and that the Veteran felt vulnerable and afraid of being killed accidently by members of his own unit. 

Here, the medical opinion by the VA examiner is credible because it is based on a thorough review of the file and available treatment records and the examiner offered a reasonable medical basis for his conclusions. Absent credible evidence to the contrary, the Board is not in a position to further question the results of this examination. See Colvin v. Derwinski, 1 Vet. App. 171 (1991). 

In sum, there is evidence that the VA examiner, in November 2010, found that the Veteran's in-service stressors of being aboard a ship in a storm and witnessing a fellow service member being shot and killed during a training exercise are sufficient to support a diagnosis of PTSD; that his PTSD is related to such stressors, and that such stressors involved a psychological or psycho-physiological state of fear, helplessness, or horror. The Board finds that the stressors described by the Veteran are consistent with the places, types, and circumstances of his service, as there is record of his trip overseas and record that he underwent training in a combat unit. 

Based on the foregoing, resolving all doubt in favor of the Veteran, as is required by law, the Board finds that service connection for PTSD is warranted. 38 U.S.C.A. § 5107(b); Gilbert, 1 Vet. App. at 49.


ORDER

Service connection for PTSD is granted, subject to the laws and regulations governing monetary awards.



____________________________________________
C. TRUEBA
Veterans Law Judge, Board of Veterans' Appeals


Department of Veterans Affairs