﻿Citation Nr: AXXXXXXXX
Decision Date: 03/12/19 Archive Date: 03/12/19

DOCKET NO. 190115-1640
DATE: March 12, 2019

ORDER

Entitlement to service connection for an acquired psychiatric disorder, to include posttraumatic stress disorder (PTSD), is denied.

FINDING OF FACT

The preponderance of the evidence shows that the Veteran’s acquired psychiatric disorder, to include PTSD, is not related to his active service.

CONCLUSION OF LAW

The criteria for entitlement to service connection for an acquired psychiatric disorder, to include PTSD, have not been met. 

REASONS AND BASES FOR FINDING AND CONCLUSION

On August 23, 2017, the President signed into law the Veterans Appeals Improvement and Modernization Act, Pub. L. No. 115-55 (to be codified as amended in scattered sections of 38 U.S.C.), 131 Stat. 1105 (2017), also known as the Appeals Modernization Act (AMA). This law creates a new framework for Veterans dissatisfied with VA’s decision on their claim to seek review. The Board is honoring the Veteran’s choice to participate in VA’s test program, RAMP, the Rapid Appeals Modernization Program.

The Veteran had active service from November 1976 to August 1978. He was discharged under honorable conditions. The Veteran selected the Higher-Level Review lane when he submitted the RAMP election form. See RAMP form, August 16, 2018. Accordingly, the December 2018 RAMP rating decision considered the evidence of record as of the date VA received the RAMP election form. See decision, December 2018. The Veteran timely appealed this RAMP rating decision to the Board and requested direct review of the evidence considered by the Agency of Original Jurisdiction (AOJ).

This appeal was previously before the Board in February 2018, when it was remanded for additional development.

1. Acquired Psychiatric Disorder 

The Veteran asserts that he experiences an acquired psychiatric disorder, to include PTSD, as a result of his active service.

To prevail on a direct service connection claim, there must be competent evidence of (1) a current disability, (2) in-service incurrence or aggravation of a disease or injury, and (3) a nexus between the in-service disease or injury and the current disability. Holton v. Shinseki, 557 F.3d 1362, 1366 (Fed. Cir. 2009); 38 U.S.C. §§ 1110, 1131 (2012); 38 C.F.R. § 3.303 (a) (2018).

Service connection for PTSD requires (1) medical evidence diagnosing the condition in accordance with 38 C.F.R. § 4.125 (a) (i.e., under the criteria of DSM-5); (2) a link, established by medical evidence, between the Veteran’s current symptoms and an in-service stressor; and (3) credible supporting evidence that the claimed in-service stressor occurred. 38 C.F.R. § 3.304 (f) (2018); Cohen v. Brown, 10 Vet. App. 128 (1997).

If the evidence establishes that the Veteran engaged in combat with the enemy and the claimed stressor is related to that combat, in the absence of clear and convincing evidence to the contrary, and provided that the claimed stressor is consistent with the circumstances, conditions or hardships of the Veteran’s service, the Veteran’s lay testimony alone may establish the occurrence of the claimed in-service stressor. 38 C.F.R. § 3.304 (f) (2018). This provision does not apply in this case, as the Veteran did not engage in combat. See service personnel records (SPRs).

Where a determination is made that a Veteran did not engage in combat with the enemy, or the claimed stressor is not related to combat, a Veteran’s lay testimony alone will not be enough to establish the occurrence of the alleged stressor. Moreau v. Brown, 9 Vet. App. 389 (1996); Dizoglio v. Brown, 9 Vet. App. 163 (1996). In such cases, the record must contain service records or other corroborative evidence, which substantiates or verifies a Veteran’s testimony or statements as to the occurrence of the claimed stressor. West v. Brown, 7 Vet. App. 70 (1994); Zarycki v. Brown, 6 Vet. App. 91 (1993).

As for the more general acquired psychiatric disorder, the AOJ found that the Veteran has a current diagnosis of an acquired psychiatric disorder.

The question in this case is whether a causal relationship, or nexus, exists between the Veteran’s acquired psychiatric disorder and his active service.

The Veteran’s post-service VA medical treatment records show that he has diagnoses of dysthymic disorder, depression, anxiety, drug and alcohol abuse, and PTSD. See VA treatment records. The Veteran’s VA treatment records show that he receives regular treatment for PTSD. He has received treatment since February 2016. See VA treatment records. 

Social Security Administration (SSA) records show that the Veteran receives disability benefits for anxiety-related disorders and affective (mood) disorder. The records show that the Veteran reported experiencing grief and other psychological symptoms after several of his family members died in an accident. The Veteran was noted to have drug dependence and alcohol dependence. See SSA records. 

In a September 16, 2010 letter, VA asked the Veteran to complete VA Form 21-0781a, PTSD Questionnaire, to provide specific details of the claimed incident. The Veteran did not return the form.

In a stressor statement, the Veteran stated that he did not receive food when he was once late for dinner during boot camp, and that his bed was messed up the next morning. The second incident was the Veteran seeing someone else attacked while the Veteran was in jail for going AWOL. See Veteran’s stressor statement, April 2011. 

After a review of the record, the Board concludes that entitlement to service connection for an acquired psychiatric disorder is not warranted. While the Veteran has a diagnosis of a psychiatric disorder, the competent and probative evidence of record does not demonstrate a nexus between the disorder and his active service.

In addition, although the claims file includes a diagnosis of PTSD, a diagnosis alone does not constitute sufficient evidence for the grant of service connection. No verified stressor exists. Thus, service connection for PTSD is not warranted.

The Veteran’s STRs are absent of any complaints or findings related to a psychiatric condition. The Veteran reported no such problems or issues at the time of the May1978 separation examination, and was noted as not having any significant mental illness or any psychiatric issues in July 1978. The Veteran reported being in good health and not having any psychiatric issues or complaints. His STRs contain diagnoses of alcoholism and cannabis use. See STRs. 

In sum, while the Veteran’s claim meets prong (1) a current disability, it fails at prongs (2) and (3), as there is no medical evidence that the Veteran’s psychiatric disorder is related to his active service. As such, the Veteran’s claim for service connection for an acquired psychiatric disorder fails. The Veteran’s diagnosed disorder cannot be attributed to his active service. The Federal Circuit has made clear that “a Veteran seeking disability benefits must establish... the existence of a disability [and] a connection between the Veteran’s service and the disability.” Boyer v. West, 210 F.3d 1351, 1353 (Fed. Cir. 2000). 

The Board has considered the Veteran’s lay statements in support of his claim, as well as the lay statements submitted on his behalf. The Veteran has stated that he did not receive food when he was once late for dinner during boot camp, and that his bed was messed up the next morning. The second incident was the Veteran seeing someone else attacked while the Veteran was in jail for going AWOL. See Veteran’s stressor statement, April 2011. Lay statements sent by his friends related that the Veteran began drinking in active service, and was “harder” and changed when he came back from the service. See lay statement, March 2016. 

Although laypersons are competent to provide opinions on some medical issues, as to the specific issue in this case, diagnosing an acquired psychiatric disorder, as well as its etiology, these issues fall outside the realm of common knowledge of a layperson. See Kahana v. Shinseki, 24 Vet. App. 428, 435 (2011); Jandreau v. Nicholson, 492 F.3d 1372, 1377 n.4 (laypersons not competent to diagnose cancer). As a layperson, the Veteran has not been shown to possess the medical expertise to diagnose such complex medical issues as an acquired psychiatric disorder, and its etiology. The claims file does not contain any medical records linking the Veteran’s disorder to his active service. In sum, there is no evidence, medical or otherwise, to support the Veteran’s assertions. Thus, as previously stated, the medical evidence of record is only against the Veteran’s service connection claim.

The Board acknowledges that the Veteran has not been afforded a VA examination addressing his claimed acquired psychiatric disorder and/or PTSD and its relationship to his active service. No such examination is required, as the only evidence that the Veteran’s claimed disability is related to his military service are his own conclusory generalized lay statements, which are unsupported by even speculative medical evidence. See Waters v. Shinseki, 601 F.3d 1274, 1277 (Fed. Cir. 2010); Colantonio v. Shinseki, 606 F.3d 1378, 1382 (Fed. Cir. 2010).

In conclusion, the preponderance of the evidence is against finding that the Veteran’s acquired psychiatric disorder and/or PTSD was caused by his active service. The Board finds that the preponderance of the evidence weighs against entitlement to service connection for an acquired psychiatric disorder and/or PTSD and the claim must be denied. 38 U.S.C. § 5107 (b) (2012); Gilbert v. Derwinski, 1 Vet. App. 49 (1990).

 

YVETTE R. WHITE

Veterans Law Judge

Board of Veterans’ Appeals

ATTORNEY FOR THE BOARD A. Lech, Counsel