Citation Nr: 1744034 
Decision Date: 09/15/17 Archive Date: 10/10/17

DOCKET NO. 13-27 920 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Seattle, Washington


THE ISSUES

1. Entitlement to service connection for posttraumatic stress disorder (PTSD).

2. Entitlement to service connection for a disability manifested by chest pains.

3. Entitlement to service connection for a headache disorder.

4. Entitlement to service connection for a back disability, to include as residuals of a motor vehicle accident (MVA).

5. Entitlement to service connection for a right shoulder disability, to include as residuals of a MVA or as secondary to a left shoulder disability.

6. Entitlement to service connection for a vision disability.


REPRESENTATION

Appellant represented by: Disabled American Veterans
WITNESS AT HEARING ON APPEAL

The Veteran


ATTORNEY FOR THE BOARD

Christopher Murray, Counsel


INTRODUCTION

This appeal has been advanced on the Board's docket pursuant to 38 C.F.R. § 20.900(c) (2016). 38 U.S.C.A. § 7107(a)(2) (West 2014).

The Veteran had active military service from September 1982 to September 1989.

This case comes before the Board of Veterans' Appeals (Board) on appeal of an October 2010 rating decision of the Department of Veterans Affairs (VA) Regional Office (RO) in Seattle, Washington.

The Veteran testified before the Board at an October 2015 hearing conducted via videoconference. A transcript of the hearing is of record.

This case was previously before the Board in May 2016, at which time the appeal was remanded to the Agency of Original Jurisdiction (AOJ) for further development. The issues of service connection for right shoulder and vision disabilities are addressed in the REMAND portion of the decision below and are REMANDED to the AOJ.

As previously noted in the May 2016 Board remand, the issue of entitlement to a temporary total disability rating has been raised by the record in an October 2015 statement, additionally, the Veteran claimed service connection for a left shoulder and increased rating for the left knee in the September 2013 VA Form 9. At the October 2015 hearing, the Veteran indicated that he believed his left shoulder claim was pending and he asserted that his right shoulder was secondary to his left. These issues have not been adjudicated by the Agency of Original Jurisdiction (AOJ). Therefore, the Board does not have jurisdiction over them, and they are referred to the AOJ for appropriate action. 38 C.F.R. § 19.9(b) (2016).


FINDINGS OF FACT

1. The Veteran has been diagnosed with PTSD due to a verified in-service stressor.

2. The Veteran has not been diagnosed with a chronic disability manifested by chest pains at any point during the appeal period.

3. The Veteran has not been diagnosed with a chronic headache disability at any point during the appeal period.

4. A chronic back disability was not manifest in active service, arthritis did not manifest to a compensable degree within one year of service discharge, and any current back disability is not otherwise etiologically related to such service, to include a motor vehicle accident.


CONCLUSIONS OF LAW

1. The criteria for service connection for PTSD are met. 38 U.S.C.A. § 1131 (West 2014); 38 C.F.R. §§ 3.303, 3.304(f)(5) (2016). 

2. The criteria for service connection for a chronic disability manifested by chest pains are not met. 38 U.S.C.A. § 1131 (West 2014); 38 C.F.R. § 3.303 (2016). 

3. The criteria for service connection for a chronic headache disability are not met. 38 U.S.C.A. § 1131 (West 2014); 38 C.F.R. § 3.303 (2016). 
4. The criteria for service connection for a chronic back disability are not met. 38 U.S.C.A. §§ 1112, 1113, 1131 (West 2014); 38 C.F.R. §§ 3.303, 3.307, 3.309(a) (2016). 


REASONS AND BASES FOR FINDINGS AND CONCLUSIONS

Duties to Notify and Assist

When VA receives a complete or substantially complete application for benefits, it must notify the claimant of the information and evidence not of record that is necessary to substantiate a claim, which information and evidence VA will obtain, and which information and evidence the claimant is expected to provide. 38 U.S.C.A. §§ 5100, 5102, 5103, 5103A, 5107, 5126 (West 2014); 38 C.F.R. §§ 3.102, 3.156(a), 3.159, 3.326(a) (2016). See also Quartuccio v. Principi, 16 Vet. App. 183 (2002); Pelegrini v. Principi, 18 Vet. App. 112 (2004). VA must also make reasonable efforts to assist the appellant in obtaining evidence necessary to substantiate the claim for the benefit sought, unless no reasonable possibility exists that such assistance would aid in substantiating the claims. 38 U.S.C.A. § 5103A; 38 C.F.R. § 3.159.

The Veteran has been provided notice letters throughout the appeal that address all notice elements required. All pertinent treatment records identified by the Veteran have been obtained, and VA examinations have been provided where warranted. There has been no allegation of errors with the duties to notify and/or assist in the instant case. See Shinseki v. Sanders/Simmons, 556 U.S. 396 (2009); see also Scott v McDonald, 789 F.3d 1375, 1381 (Fed. Cir. 2015) (the Board's obligation to read filings in a liberal manner does not require the Board to search the record and address procedural arguments when the Veteran fails to raise them before the Board); Dickens v. McDonald, 814 F.3d 1359, 1361 (Fed. Cir. 2016) (applying Scott to duty to assist argument).

As noted above, the instant appeal has been previously remanded in May 2016. There has been substantial compliance with the Board's remand directives as they pertain to the issue decided herein, and adjudication of the appeal may proceed. See Stegall v. West, 11 Vet. App. 268, 271 (1998). In light of the foregoing, the Board is satisfied that all relevant facts have been adequately developed to the extent possible; no further assistance to the appellant in developing the facts pertinent to the issue on appeal is required to comply with the duty to assist. 38 U.S.C.A. §§ 5103 and 5103A; 38 C.F.R. § 3.159.

Analysis

Board decisions must be based on the entire record, with consideration of all the evidence. 38 U.S.C.A. § 7104. The law requires only that the Board address its reasons for rejecting evidence favorable to the claimant. Timberlake v. Gober, 14 Vet. App. 122 (2000). The Board must review the entire record, but does not have to discuss each piece of evidence. Gonzales v. West, 218 F.3d 1378 (Fed. Cir. 2000).

It is VA's defined and consistently applied policy to administer the law under a broad interpretation, consistent, however, with the facts shown in every case. When, after careful consideration of all procurable and assembled data, a reasonable doubt arises regarding service origin, the degree of disability, or any other point, such doubt will be resolved in favor of the claimant. By reasonable doubt it is meant that an approximate balance of positive and negative evidence exists which does not satisfactorily prove or disprove the claim. Reasonable doubt is a substantial doubt and one within the range of probability as distinguished from pure speculation or remote possibility. See 38 U.S.C.A. § 5107(b); 38 C.F.R. § 3.102.

Service connection may be established on a direct basis for disability resulting from personal injury suffered or disease contracted in the line of duty in the active military, naval, or air service. 38 U.S.C.A. §§ 1110, 1131; 38 C.F.R. § 3.303. That an injury or disease occurred in service is not enough; there must be chronic disability resulting from that injury or disease. In order to prevail on the issue of service connection there must be competent evidence of a current disability; medical evidence, or in certain circumstances, lay evidence of in-service occurrence or aggravation of a disease or injury; and competent evidence of a nexus between an in-service injury or disease and the current disability. See Hickson v. West, 12 Vet. App. 247, 253 (1999).

Posttraumatic Stress Disorder

The Veteran has claimed service connection for PTSD, which requires medical evidence diagnosing the condition in accordance with VA regulations; a link, established by medical evidence, between current symptoms and an in-service stressor; and credible supporting evidence that the claimed in-service stressor occurred. 38 C.F.R. § 3.304(f) (2016). In this case, the Veteran contends that he suffers from PTSD due to an in-service personal assault. Initially, the Board notes that as the Veteran's claimed stressor does not involve being engaged in combat with the enemy, his lay testimony alone is generally not enough to establish the occurrence of the alleged stressor. See Moreau v. Brown, 9 Vet. App. 389, 395 (1996); Dizoglio v. Brown, 9 Vet. App. 163, 166 (1996).

Specifically, the Veteran asserts he was sexually assaulted by multiple soldiers in approximately December 1986. See, e.g., January 2017 VA Form 21-0781. There are special evidentiary procedures for PTSD claims based on personal assault. See Patton v. West, 12 Vet. App. 272, 278 (1999); see also VA ADJUDICATION MANUAL M21-1, Part IV, subpart ii.1.D.17. Because personal trauma is an extremely personal and sensitive issue, many incidents of personal trauma are not officially reported, and the victims of this type of in-service trauma may find it difficult to produce evidence to support the occurrence of the stressor. It is often necessary to seek alternative evidence. Id. 

If a PTSD claim is based on in-service personal assault, evidence from sources other than the Veteran's service records may corroborate the Veteran's account of the stressor incident. 38 C.F.R. § 3.304(f)(5). Examples of such evidence include, but are not limited to: records from law enforcement authorities, mental health counseling centers, hospitals, or physicians; and statements from family members, roommates, fellow service members, or clergy. Evidence of behavior changes following the claimed assault is one type of relevant evidence that may be found in these sources. Examples of behavior changes that may constitute credible evidence of the stressor include, but are not limited to: a request for a transfer to another military duty assignment; deterioration in work performance; substance abuse; episodes of depression, panic attacks, or anxiety without an identifiable cause; or unexplained economic or social behavior changes. Id. 

Initially, the Board notes the Veteran has been diagnosed with PTSD by both VA and private mental health professionals. See, e.g., April 2015 VA mental health evaluation note; see also January 2017 private Disability Benefits Questionnaire (DBQ). Furthermore, these diagnoses are determined to be due to the Veteran's alleged in-service personal assault. Id. The remaining question is whether there is credible evidence that the in-service stressor occurred. See generally 38 C.F.R. § 3.304(f). 

Turning to the record, the Veteran's military personnel records reflect that in January 1987, shortly after his alleged personal assault, he operated a motor vehicle while under the influence of alcohol, striking another vehicle head-on. He was subsequently reprimanded for this misconduct in June 1987. In March 1989, he was again reprimanded for driving under the influence, with a blood alcohol content of nearly three times the legal limit. As a consequence of this reprimand, the Veteran was stripped of a Good Conduct Medal previously awarded for his exemplary behavior, efficiency, and fidelity. 

As noted above, evidence of behavior changes following a claimed assault is one type of relevant evidence that may be considered in determining the credibility of the alleged stressors. In this case, the Veteran's military personnel records indicate he was a commendable soldier, frequently being recommended to being promoted ahead of his peers, and was awarded a Good Conduct Medal. However, beginning one month after the alleged personal assault, the evidence indicates the Veteran began drinking alcohol heavily, and was reprimanded twice for driving under the influence, leading to the revocation of his Good Conduct Medal. 

"A Veteran need only demonstrate that there is an 'approximate balance of positive and negative evidence' in order to prevail." Gilbert v. Derwinski, 1 Vet. App. 49 (1990). Entitlement need not be established beyond a reasonable doubt, by clear and convincing evidence, or by a fair preponderance of the evidence. Under the benefit of the doubt doctrine established by Congress, when the evidence is in "relative equipoise, the law dictates that the Veteran prevails." Id. Resolving all doubt in the Veteran's favor, the Board finds this evidence of behavior changes, in conjunction with other lay evidence of record, to be sufficiently credible to conclude the reported assault occurred.

In sum, the Veteran is diagnosed with PTSD by competent and credible medical professionals, and this diagnosis has been related to an adequate stressor in service, namely an in-service personal assault. Finally, the Board finds the evidence sufficiently credible to conclude that it is at least as likely as not that the alleged in-service personal assault occurred. Accordingly, service connection for PTSD is warranted. See 38 C.F.R. § 3.304(f).

Chest Pains & Headaches

The Veteran claims service connection for disabilities manifested by symptoms of chest pains and headaches. Significantly, however, the Veteran has not been diagnosed with a chronic disability manifested by either chest pains or headaches at any point during the appeal period. In this regard, VA examinations conducted in June 2016 conclude that, while the Veteran occasionally reports subjective symptoms of chest pains and headaches, he does not suffer from a diagnosed chronic headache disability, traumatic brain injury (TBI), or heart condition resulting in chest pains. While the Veteran was diagnosed with an AV block and heart block, the VA examiner noted these conditions are asymptomatic and do not cause the Veteran's chest pains. Further, to the extent the Veteran's chest pains may be attributed to panic attacks associated with PTSD, the Board notes that service connection for this disability was granted above.

The Veteran has not identified any competent medical evidence showing a current diagnosis of any form of ischemic heart disease. While the Veteran is competent to report (1) symptoms observable to a layperson, e.g., chest pain, headaches; (2) a diagnosis that is later confirmed by clinical findings; or (3) a contemporary diagnosis, he is not competent to independently render a medical diagnosis or opine as to the specific etiology of a condition. See Davidson v. Shinseki, 581 F.3d 1313 (2009). Consequently, the Veteran's lay assertions of medical diagnosis or etiology cannot constitute evidence upon which to grant the claim for service connection. Latham v. Brown, 7 Vet. App. 359, 365 (1995).

In the absence of proof of a present disability there can be no valid claim. Brammer v. Derwinski, 3 Vet. App. 223, 225 (1992). Even though the Veteran does occasionally experience headaches and chest pains, such symptomatology is not germane in the absence of any resulting chronic disability. See McClain v. Nicholson, 21 Vet. App. 319 (2007) (a "current disability" exists if the diagnosed disability is present at the time of the claim or during the pendency of that claim). The Board finds that the competent, probative evidence of record does not contain a diagnosis of chronic disabilities manifested by chest pains or headaches at any point during the appeal period. The preponderance of the evidence weighs against the Veteran's claim, and the benefit-of-the-doubt rule does not apply. Service connection for these disabilities must be denied. 38 U.S.C.A. § 5107(b); Gilbert, 1 Vet. App. 49, 55 (1990).

Back Disability

The Veteran also claims service connection for a back disability as directly related to his active military service. Specifically, he asserts that his current lumbar spine disability is due to an in-service motor vehicle accident (MVA).

While the evidence reveals that the Veteran currently suffers from lumbosacral strain and arthritis of the lumbar spine, the competent, probative evidence of record does not etiologically link the Veteran's current disability to his service or any incident therein. Service treatment records indicate the Veteran sought treatment two days following a motor vehicle accident in January 1987, complaining of left neck and shoulder pain. At the time, he was diagnosed with strain of the left trapezius muscle. There is no indication the Veteran complained of, or sought treatment for, a chronic low back problem at this time or at any other point during his active service. A February 1988 Report of Medical Examination, completed prior to his separation of service but after the reported MVA, indicates a normal spine and other musculoskeletal clinical evaluation. As such, the Board finds that no chronic back disability was manifest during active service.

When a disorder is first diagnosed after service, service connection is warranted for that condition if the competent evidence shows it was incurred in service. 38 C.F.R. § 3.303(d). Post-service records reveal that the Veteran himself reported that he began to experience low back pain in the 1990s, following separation from service, that worsened after a fall from a bunk in 2007. See, e.g., May and June 2009 VA treatment records. While not dispositive of the issue, the Board may, and will, consider in its assessment of a service connection the passage of a period of time wherein the Veteran has not complained of the malady at issue. See Maxson v. West, 12 Vet. App. 453, 459 (1999), aff'd sub nom. Maxson v. Gober, 230 F.3d 1330, 1333 (Fed. Cir. 2000); see also Forshey v. Principi, 284 F.3d 1335, 1358 (Feb. Cir. 2002) (en banc).

Furthermore, as the Veteran was not diagnosed with arthritis of the lumbar spine until approximately 2009, 20 years following service separation, the presumption of service connection does not apply. See 38 C.F.R. §§ 3.307, 3.309(a). Finally, the Board has considered whether service connection may be awarded for arthritis of the lumbar spine based on continuity of symptomatology. See 38 C.F.R. § 3.303(b); see also Walker v. Shinseki, 708 F.3d 1331 (Fed. Cir. 2013). However, to the extent the Veteran asserts he suffered from low back pain continuously since his period of active service, the Board finds such assertions are not credible. As noted above, the Veteran did not complain of low back pain in service, and he reported that his low back pain began in the 1990s, following service separation. See generally Caluza v. Brown, 7 Vet. App. 498, 511 (1995) (in determining whether statements and evidence submitted by a Veteran are credible, the Board may consider internal consistency, facial plausibility, and consistency with other evidence submitted on behalf of the claimant). As these statements regarding continuity of symptomatology are found to be not credible, the Board affords them no probative value.

The Veteran has not submitted a competent medical opinion linking his currently diagnosed low back disability to his period of active service. However, he was provided a VA examination in June 2016. Following a complete review of the claims file and physical examination of the Veteran, the VA examiner opined that it is less likely than not that the Veteran's current lumbar strain and/or arthritis was incurred in service, noting that records related to the MVA do not mention back pain.

While the Veteran is competent to report (1) symptoms observable to a layperson, e.g., back pain; (2) a diagnosis that is later confirmed by clinical findings; or (3) a contemporary diagnosis, he is not competent to independently render a medical diagnosis or opine as to the specific etiology of a condition. See Davidson, 581 F.3d 1313. Consequently, the Veteran's lay assertions of medical diagnosis or etiology alone cannot constitute evidence upon which to grant the claim for service connection. Latham, 7 Vet. App. at 365. Accordingly, the Board assigns a little probative value to the Veteran's assertions of the etiology of his disability.

In sum, there is no competent medical evidence or opinion of record to support the Veteran's assertion that his currently diagnosed low back disability is etiologically related to his active service. He has not provided a medical opinion in support of his claim, and a VA examiner has rendered a negative etiological opinion. Presumptive service connection is not warranted, as arthritis of the spine was not manifest within one year of service discharge, and any assertions of continuity of symptomatology have been determined to be not credible.

Accordingly, the Board concludes that the preponderance of the evidence is against the claim for service connection for a low back disability, and the benefit of the doubt rule does not apply. 38 U.S.C.A. § 5107(b); Gilbert, 1 Vet. App. 49, 55 (1990).







ORDER

Entitlement to service connection for PTSD is granted.

Entitlement to service connection for a disability manifested by chest pains is denied.

Entitlement to service connection for a headache disability is denied.

Entitlement to service connection for a back disability is denied.


REMAND

The Veteran asserts entitlement to service connection for a right shoulder disability, including as secondary to a left shoulder disability. In the May 2016 remand, the Board noted that the Veteran's claim of service connection for a left shoulder disability had been referred to the AOJ, and affects the claim of service connection for the right shoulder. As these claims are inextricably intertwined, the Board remanded the right shoulder claim pending disposition of the claim of service connection for the left shoulder. To date, this claim has not been adjudicated by the AOJ, and is again referred by the Board. Therefore, the Board must again remand the claim of service connection for the right shoulder. See Harris v. Derwinski, 1 Vet. App. 180 (1991). 

In addition, the Veteran was provided a VA examination in June 2016 to address the issue of secondary service connection. The VA examiner opined that she could not determine whether the right shoulder issue is secondary to the left shoulder without resorting to speculation, but did not explain why an opinion could not be offered. Therefore, on remand, an addendum opinion which addresses secondary service connection must be obtained. See generally Jones v. Shinseki, 23 Vet. App. 382 (2010) (where an examiner uses the "mere speculation" language without providing any supporting analysis or reasons to explain why an opinion cannot be provided, such a non-response will cause the examination report to be inadequate.) 
The Veteran was also provided a VA examination in June 2016 to address his claimed vision disabilities. The VA examiner stated that the Veteran does not now or ever been diagnosed with an eye condition. However, the Board notes that VA treatment records generated during the appeal period note the Veteran has been diagnosed with photopsia, meibomian gland dysfunction, and dry eye syndrome. See, e.g., March 2010 VA optometry note; July 2014 VA ophthalmology note. It is clear that the Veteran has been diagnosed with a vision disorder during the course of the instant appeal and, therefore, has met the "current disability" requirement of a service connection claim. See McClain v. Nicholson, 21 Vet. App. 319 (2007) (a "current disability" exists if the diagnosed disability is present at the time of the claim or during the pendency of that claim). Therefore, a new etiological opinion regarding these conditions must be obtained.

Accordingly, the case is REMANDED for the following action:

(This appeal has been advanced on the Board's docket pursuant to 38 C.F.R. § 20.900(c). Expedited handling is requested.)

1. Return the claims file to the VA examiner who conducted the June 2016 VA shoulder examination or, if not available, to another examiner with the appropriate expertise. If the examiner determines that another physical examination of the Veteran would be beneficial, one is to be arranged. The entire claims file, including this REMAND, is to be provided to the examiner for review. Any clinically indicated testing and/or consultations must be performed, and the findings reported in detail. 

Following a review of the claims file, and examination of the Veteran if conducted, the examiner is requested to offer an opinion as to whether it is at least as likely as not (probability of at least 50 percent) that the Veteran's current right shoulder disability is either proximately due to (caused by) or aggravated (chronically worsened beyond normal progression) by his left shoulder disability. 

A complete rationale must be provided for all opinions offered. If an opinion cannot be provided without resort to speculation, the examiner must explain why a conclusion could not be reached. 

2. Return the claims file to the VA examiner who conducted the June 2016 VA eye examination or, if not available, to another examiner with the appropriate expertise. If the examiner determines that another physical examination of the Veteran would be beneficial, one is to be arranged. The entire claims file, including this REMAND, is to be provided to the examiner for review. Any clinically indicated testing and/or consultations must be performed, and the findings reported in detail. 

Following a review of the claims file, and examination of the Veteran if conducted, the examiner is instructed to concede current diagnoses of photopsia, meibomian gland dysfunction, and dry eye syndrome, and address the following: 

a. Is it at least as likely as not (probability of at least 50 percent) that the Veteran's eye disabilities began in service, were caused by service, or are otherwise etiologically related to his active service? The examiner should specifically address the in-service MVA and the Veteran's lay statements regarding the onset of flashes of light during service. 
b. If the above opinion is negative, then the examiner is asked to provide an opinion as to whether it is at least as likely as not (probability of at least 50 percent) that the Veteran's current eye disabilities are either proximately due to (caused by) or aggravated (chronically worsened beyond normal progression) his service-connected hypertension? 

A complete rationale for any opinion offered should be provided. If an opinion cannot be provided without resort to speculation, the examiner must explain why a conclusion could not be reached. 

3. After completing the above, and any other development deemed necessary, readjudicate the Veteran's appeal based on the entirety of the evidence. If the benefits sought on appeal are not granted to the appellant's satisfaction, he and his representative should be provided with a supplemental statement of the case. An appropriate period of time should be allowed for response. The appeal should not be returned to the Board until the Veteran's claim of service connection for a left shoulder disability has been adjudicated by the AOJ.

The appellant has the right to submit additional evidence and argument on the matter or matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).



______________________________________________
ROBERT C. SCHARNBERGER
Veterans Law Judge, Board of Veterans' Appeals



Department of Veterans Affairs