﻿Citation Nr: AXXXXXXXX
Decision Date: 05/14/19 Archive Date: 05/13/19

DOCKET NO. 190110-2226
DATE: May 14, 2019

ORDER

Entitlement to service connection for a right knee disability is denied.

Entitlement to service connection for a left knee disability is denied.

REMAND

Entitlement to service connection for a psychiatric disorder, to include posttraumatic stress disorder (PTSD) and anxiety is remanded.

FINDINGS OF FACT

1. The Veteran does not have a right knee disability.

2. The Veteran does not have a left knee disability.

CONCLUSIONS OF LAW

1. The criteria for service connection for a right knee disability are not met. 

38 U.S.C. §§ 1101, 1110, 1112, 1113, 5107; 38 C.F.R. §§ 3.102, 3.159, 3.303, 3.304, 3.307, 3.309.

2. The criteria for service connection for a left knee disability are not met. 

38 U.S.C. §§ 1101, 1110, 1112, 1113, 5107; 38 C.F.R. §§ 3.102, 3.159, 3.303, 3.304, 3.307, 3.309.

REASONS AND BASES FOR FINDINGS AND CONCLUSIONS

On August 23, 2017, the President signed into law the Veterans Appeals Improvement and Modernization Act, Pub. L. No. 115-55 (to be codified as amended in scattered sections of 38 U.S.C.), 131 Stat. 1105 (2017), also known as the Appeals Modernization Act (AMA). This law creates a new framework for Veterans dissatisfied with VA’s decision on their claim to seek review. 

The Board is honoring the Veteran’s choice to participate in VA’s test program, RAMP, the Rapid Appeals Modernization Program. 

The Veteran served on active duty from July 1993 to March 1999, with additional service in the California National Guard from July 1991 to July 93 and from March 1999 to May 2002. The Veteran timely appealed the August 2018 and September 2018 rating decisions to the Board and requested direct review of the evidence.

In the September 2018 rating decision, the AOJ found that new and relevant evidence was submitted to warrant readjudicating the claim for service connection for an acquired psychiatric disorder. The Board is bound by this favorable finding. AMA, Pub. L. No. 115-55, § 5104A, 131 Stat. 1105, 1106-07.

Service Connection

A veteran is entitled to VA disability compensation if there is a disability resulting from personal injury suffered or disease contracted in line of duty in active service, or for aggravation of a preexisting injury suffered or disease contracted in line of duty in active service. 38 U.S.C. §§ 1110. To establish a right to compensation for a present disability, a Veteran must show: “(1) the existence of a present disability; (2) in-service incurrence or aggravation of a disease or injury; and (3) a causal relationship between the present disability and the disease or injury incurred or aggravated during service” - the so-called “nexus” requirement. Shedden v. Principi, 381 F.3d 1163, 1167 (Fed. Cir. 2004). 

Service connection may also be granted for a disease shown after service, when all of the evidence, including that pertinent to service, shows that it was incurred in-service. 38 C.F.R. § 3.303(d). 

Under applicable criteria, VA shall consider all lay and medical evidence of record in a case with respect to benefits under laws administered by VA. In determining whether service connection is warranted for a disability, VA is responsible for determining whether the evidence supports the claim or is in relative equipoise, with the Veteran prevailing in either event, or whether a preponderance of the evidence is against the claim, in which case the claim is denied. Gilbert v. Derwinski, 1 Vet. App. 49 (1990).

1. Entitlement to Service Connection for a Right Knee Disability

2. Entitlement to Service Connection for a Left Knee Disability

The Veteran contends that he is entitled to service connection for a right and left knee disability. 

The Veteran’s service treatment records (STRs) reflect that the Veteran received treatment for left knee pain after a fall in September 1993. In March 1994, the Veteran reported that he experienced knee pain in the cold. He denied pain with running and did not have pain at the time he received treatment. 

VA treatment records are associated with the claims file. In January 2003, the Veteran sought treatment for ankle and back pain, he did not report any knee pain. In November 2014, the Veteran denied myalgias or arthralgias. The Veteran’s prior medical history list does not include a knee disability or knee pain. See December 2014 VA treatment records. 

The Veteran has not submitted any lay statements regarding a current knee disability or knee pain. 

The threshold requirement for service connection to be granted is competent evidence of the current existence of a claimed disorder. See Degmetich v. Brown, 104 F.3d 1328 (1997); Brammer v. Derwinski, 3 Vet. App. 223 (1992). Without a current right or left knee disability diagnosis, service connection for such cannot be granted. See id. The Federal Circuit has established that qualifying for entitlement to compensation under 38 U.S.C. §§ 1110 requires proof of the existence of a disability, and one that has resulted from a disease or injury that occurred in the line of duty. 

There is no probative evidence of record which suggests the Veteran has had a right or left knee disability during the pendency of the claim. 

As discussed above, in the absence of proof of a present disability there can be no valid claim. Brammer v. Derwinski, 3 Vet. App. 223, 225 (1992). The requirement of a current disability is satisfied when the veteran has a disability at the time he files his service connection claim or during the pendency of that claim, even if the disability resolves prior to adjudication of the claim. McClain v. Nicholson, 21 Vet. App. 319, 321 (2007). 

Evidence of recent diagnoses that predate the Veteran’s claim are also relevant to the Veteran’s claim. See McKinney v. McDonald, 28 Vet. App. 15 (2016); Romanowsky v. Shinseki, 26 Vet. App. 289 (2013). However, in this case, it does not appear that the Veteran has ever been diagnosed with a right or left knee disability. Medical records following separation from active duty do not indicate that the Veteran has sought any treatment for either his right or left knee and there is nothing to suggest the Veteran has a right or left knee disability or right or left knee pain. 

The Board notes that on Remand, outstanding military personnel records are being requested. Although the Veteran’s personnel records appear to be incomplete, the Board is still able to adjudicate the issue of service connection for a right and left knee disability, because the results of the outstanding personnel records would not change the outcome of these issues. Even if the records reveal that the Veteran received additional treatment for his right or left knee in service, the fact that he has not had a current right or left knee disability during the pendency of the appeal remains unchanged. 

As the competent, relevant medical evidence of record affirmatively concludes that the Veteran does not have a right or left knee disability, the preponderance of the evidence is against the claim for a right or left knee disability; there is no doubt to be resolved; and service connection for a right or left knee disability is not warranted.

REASONS FOR REMAND

3. Entitlement to Service Connection for an Acquired Psychiatric Disorder, to include Posttraumatic Stress Disorder (PTSD) and Anxiety

The Veteran contends that he is entitled to service connection for an acquired psychiatric disorder, to include PTSD and anxiety. 

Service connection for PTSD specifically requires medical evidence establishing a diagnosis of the disability, credible supporting evidence that the claimed in-service stressor actually occurred, and a link, established by medical evidence, between the current symptomatology and the claimed in-service stressor. See 38 C.F.R. § 3.304(f) (2018).

If the evidence establishes that the Veteran engaged in combat with the enemy and the claimed stressor is related to that combat, in the absence of clear and convincing evidence to the contrary and provided that the claimed stressor is consistent with the circumstances, conditions, or hardships of the Veteran’s service, the Veteran’s lay testimony alone may establish the occurrence of the claimed in-service stressor. See 38 C.F.R. § 3.304(f)(1); see also 38 U.S.C. § 1154(b) (2012). Similarly, if a stressor claimed by a veteran is related to the Veteran’s fear of hostile military or terrorist activity and a VA psychiatrist or psychologist, or a psychiatrist or psychologist with whom VA has contracted, confirms that the claimed stressor is adequate to support a diagnosis of posttraumatic stress disorder and that the Veteran’s symptoms are related to the claimed stressor, in the absence of clear and convincing evidence to the contrary, and provided the claimed stressor is consistent with the places, types, and circumstances of the Veteran’s service, the Veteran’s lay testimony alone may establish the occurrence of the claimed in-service stressor. See 38 C.F.R. § 3.304(f)(3); 75 Fed. Reg. 39,843 (July 13, 2010); 75 Fed. Reg. 41092 (July 15, 2010).

Otherwise, the law requires verification of a claimed stressor. Where a determination is made that the Veteran did not “engage in combat with the enemy,” or the claimed stressor is unrelated to combat, the Veteran’s lay testimony alone will not be enough to establish the occurrence of the alleged stressor. See Moreau v. Brown, 9 Vet. App. 389, 395 (1996); Dizoglio v. Brown, 9 Vet. App. 163, 166 (1996). In such cases, the record must include service records or other credible evidence that supports and does not contradict the Veteran’s testimony. Doran v. Brown, 6 Vet. App. 283, 289 (1994). Moreover, a medical opinion diagnosing PTSD does not suffice to verify the occurrence of the claimed in-service stressors. See Moreau, 9 Vet. App. at 395-396; Cohen v. Brown, 10 Vet. App. 128, 142 (1997).

The Veteran is diagnosed with PTSD and alcohol use disorder. See February 2016 VA examination. 

The Veteran has reported several different stressors.

On a July 2015 Statement in Support of Claim for Service Connection for PTSD, the Veteran reported that in August 1992, he discovered a human body with limb lacerations and severe trauma. He did not know the victim’s name or if the victim survived. He also reported that in September 1994, while deployed with the Army Mobile Force – Land unit (AMF-L), he encountered IEDs, landmines, sniper fire, roadblocks with fire, booby traps, and people assaulting the vehicles. He stated that he manned the turret guns four days a week for 8 months. In 1994, the Veteran also reported being ordered to kill dogs, by burying them alive. The Veteran also reported that in September 1994 he was in charge of the “care and disposition” of the remains of deceased personnel. He stated that it was his duty to ensure processing the remains to include the complete preservation/embalming, and disinfection, application of restorative art techniques and/or cosmetics, dressing and/or wrapping, casketing, and transportation of remains. The Veteran stated that in February 1996, he witnessed extreme mutilation, advanced stages of decomposition, wounds and severe trauma when he was part of the advanced party NATO team deployed to extreme regions for cold weather mountaineer training near the Arctic circle in Trondheim, Norway. See July 2015 Statement in Support of Claim.

During his February 2016 VA examination, the Veteran reported that he was deployed with the AMF-L in 1994 to different locations in Turkey and Syria. The Veteran reported that while driving convoys when deployed with the AMF-L, he was constantly concerned about being caught and killed. The Veteran reported that a local who was working for the unit went missing and was found dead. The Veteran reported seeing decapitated bodies and described booby traps as a danger. He also reported that he ran into road blocks.

The Board recognizes that the Veteran’s military personnel records do not show Hazardous Duty Pay or Combat Pay, nor do they reflect a NATO medal or an expeditionary medal which would show overseas combat. Furthermore, his Form DD-214 shows that he was a Unit Supply Specialist. The Veteran’s Form DD-214 does not the show existence of individual combat medals. Additionally, the military personnel records and STRs that are associated with the claims file do not show the existence of any of the individual combat medals nor do they corroborate any stressor. However, the Veteran’s military personnel records during the period in which he served on active duty, are not associated with the claims file. 

In September 2016, the RO issued a formal finding of a lack of information to allow meaningful research to corroborate his claimed stressors by the Joint Services Records Research Center (JSRRC) or the National Archives and Records Administration (NARA). The RO noted that efforts were made to obtain the needed information were exhausted; however, given the incomplete service personnel records in the claims file, the Board finds that VA has not fully complied with its duty to assist and that an additional request for complete active duty and National Guard personnel records with additional attempts to verify the claimed traumatic events is warranted upon remand.

The matters are REMANDED for the following action:

1. Obtain all outstanding STRs and service personnel records including active duty and National Guard personnel records, and associate with the claims file. 

All attempts to fulfill the development specified above must be documented in the claims file. Of particular relevance are any personnel evaluations or Army unit records or histories supporting the Veteran’s reported activities during deployments with the Army Mobile Force – Land unit (AMF-L) from 1994 to 1996. 

If, after making as many requests as are necessary to obtain these records it is determined that the records sought do not exist or that further efforts to obtain those records would be futile, the AOJ should issue a Formal Finding on the Unavailability of Records Memorandum, consistent with 38 C.F.R. § 3.159(e)(1), identifying: (i) the identity of the records VA was unable to obtain; (ii) an explanation of the efforts VA made to obtain the records; (iii) a description of any further action VA will undertake regarding the claim, including, but not limited to, notice that VA will decide the claim based on the evidence of record unless the Veteran submits the records VA was unable to obtain; and (iv) a notice that the Veteran is ultimately responsible for providing the evidence.

2. Then, attempt to corroborate the Veteran’s reports of service in Turkey, Syria, Norway and his in-service stressors as a vehicle driver in these deployed locations. If more details are needed, contact the Veteran to request the information.

3. Then, readjudicate the issue on appeal. If any benefit sought on appeal is not granted to the Veteran’s satisfaction, provide the Veteran and his attorney with a supplemental statement of the case and afford them the requisite opportunity to respond before returning the case to the Board for further appellate action.

 

J.W. FRANCIS

Veterans Law Judge

Board of Veterans’ Appeals

ATTORNEY FOR THE BOARD T. Fitzgerald, Associate Counsel